# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16 CR 52-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| DEORDRICK BOYKIN. | ) | |
| _____ | ) | |

**THIS MATTER** is before the undersigned pursuant to Defendant's Motion for Issuance of Subpoenas (#114). The Court has reviewed Defendant's motion and cannot find that Defendant has informed the Court as to the Rule or statute under which Defendant is moving that this Court issue a subpoena as requested in this case. Additionally, there is not any reference to any case that would support Defendant's motion.

The undersigned has reviewed Rule 17 of the Federal Rules of Criminal Procedure and finds that Defendant may be making a motion pursuant to that Rule. The Rule states:

> **(b) Defendant Unable to Pay.**
> Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

1

Defendant's motion does not show an inability of Defendant to pay any witness fees.  The undersigned has further examined Rule 45 of the Federal Rules of Civil Procedure.  Rule 45 (b)(c) provides as follows:

> **(c)** **Place of Compliance.**
>
> **(1)** **For a Trial, Hearing, or Deposition.**  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person;
> **or**
> **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
> (i) is a party or a party's officer; or
> (ii) is commanded to attend a trial and would not incur substantial expense.
> **(2)** **For Other Discovery.**
> **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
> **(B)** inspection of premises at the premises to be inspected.

The Defendant requests that a subpoena be issued to Paul L. Howard, Jr., Fulton County, Georgia, District Attorney whose address is noted as being 136 Pryor Street, S.W., Atlanta, GA 30303.  Internet research conducted by the undersigned shows that the business address of Mr. Howard is located 207 miles away from the address of the United States Courthouse in Asheville, North Carolina.  It would thus appear that even if a subpoena had been requested by Defendant, pursuant to Rule

17(b), this Court would not have authority under Rule 45 of the Federal Rules of Civil Procedure to issue a subpoena that would require the attendance of Mr. Howard.

It would appear to the undersigned that counsel for Defendant should perform research and determine whether or not defense counsel could schedule a deposition of Mr. Howard at Mr. Howard's place of business at 136 Pryor Street, S.W., Atlanta, Georgia. If so pursuant to Rule 17(f)(1) of the Federal Rules of Criminal Procedure, a subpoena could be issued by the Clerk in the Northern District of Georgia which would be where the deposition of Mr. Howard could be taken.

It being apparent to the undersigned, that based upon the research performed by this Court, the undersigned does not have jurisdiction to grant Defendant's motion and further, the defendant not having informed the Court as to any Rule, statute or any case law supporting Defendant's motion, the motion(#114) will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Issuance of Subpoenas (#114) is **DENIED**.

Signed: March 3, 2017

Dennis L. Howell
United States Magistrate Judge