THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:16-cr-00052-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DEORDRICK BOYKIN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Exigent and Emergent Motion for Compassionate Release" [Doc. 142] and the Defendant's Motion for Appointment of Counsel [Doc. 144].

**I.    BACKGROUND**

In March 2017, the Defendant Deordrick Boykin was convicted of one count of conspiracy to distribute and to possess with intent to distribute heroin and was sentenced to 100 months' imprisonment. [Doc. 123]. The Defendant is currently serving this sentence at FCI Forrest City Low, and his projected release date is July 28, 2023.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last visited August 6, 2020).

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the ongoing coronavirus pandemic. [Doc. 142]. Specifically, the Defendant argues that his BOP facility is "nearing 100% infection and poses a compelling support for relief as COVID-19 has no known cure." [Id.]. Additionally, the Defendant presents medical records indicating that he contracted COVID-19 in May 2020, although he was asymptomatic. The Defendant argues that his asymptomatic status "should be recognized instead as pre-symptomatic as is the common course and condition of this virus'[s] evolution." [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant summarily asserts in his motion that he "exhausted his 30 day notification requirement with the prison's warden,

2

making this issue ripe for this court's review." [Doc. 142 at 1]. The record shows that the Defendant's administrative request for relief was denied by the Warden on June 25, 2020. [Doc. 143 at 1]. The record, however, does not reflect whether the Defendant pursued any administrative appeal. But assuming *arguendo* that the Defendant has exhausted his remedies under § 3582(c)(1)(A), the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from

U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

Here, the Defendant relies solely on the current situation at FCI Forrest City Low to argue that extraordinary and compelling reasons exist to justify a sentence reduction in his case. Specifically, he contends that the facility "is nearing 100% infection." [Doc. 142 at 1]. Contrary to the Defendant's arguments, however, as of August 6, 2020, FCI Forrest City Low had only 39 confirmed active cases of COVID-19 within the inmate population and 3 confirmed cases within its staff. Further, Forrest City Low has reported zero deaths, and 639 prisoners and 4 staff members have recovered from the virus. See https://bop/gov/coronavirus/ (last accessed August 6, 2020). The present circumstances at this facility do not constitute extraordinary and

---

motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

compelling reasons to justify the Defendant's release. Moreover, the Defendant has already been diagnosed with COVID-19 and has recovered without exhibiting symptoms or requiring any medical treatment. The medical records submitted by the Defendant indicate that the Defendant was placed in isolation on May 14, 2020 after testing positive for COVID-19 and was asymptomatic at that time. [See Doc. 143]. The medical records provided do not indicate that any further medical care was required after that date. [Id.]. After 27 days, on June 10, 2020, the Defendant was released from isolation. [Id.].

These records establish that the Defendant had the virus but ultimately recovered without exhibiting symptoms or requiring medical care. The Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted—and beaten—the virus.[3] For all these reasons, the Court concludes that the Defendant has failed to establish

---

[3] While it is unclear how long COVID-19 immunity might last following infection, it is reasonable to assume that the Defendant is not at risk of infection for some time. See CDC, COVID-19/Frequently Asked Questions, https://www.cdc.gov/coronavirus/2019-ncov/faq.html (last accessed July 9, 2020).

an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

For these reasons, the Defendant's motion for a sentence reduction is denied. Having failed to demonstrate that he is entitled to relief, the Defendant's request for the appointment of counsel is also denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Exigent and Emergent Motion for Compassionate Release" [Doc. 142] is **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion for Appointment of Counsel [Doc. 144] is also **DENIED**.

**IT IS SO ORDERED.**

Signed: August 10, 2020

Martin Reidinger
Chief United States District Judge